## A. S. BOYD v. THE TOWN OF READSBORO.

### Highway.   Notice.   Injury.

In an action by a husband against a town for loss of service, &c., in consequence of injuries received by his wife through the defect in a highway, nothing can be recovered for *doctoring and nursing the wife, &c., where the notice does not specifically claim damages for such doctoring, &c.*, the wife having recovered for her injuries in another action.

CASE for loss of services, &c., in consequence of injuries to the plaintiff's wife, and for injuries to his horse and sleigh.   Trial by jury, September Term, 1880, Windham County, VEAZEY, J., presiding.

This case is reported in the 52 Vt. R. 522. In the second trial the County Court confined the plaintiff to proving the damage to the horse and sleigh.

*O. E. Butterfield*, for the plaintiff.

*C. B. & C. F. Eddy* and *H. N. Hix*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. The action is to recover damages for the insufficiency of the highway in the defendant town; and the only exception reserved is, the sufficiency of the notice to the town, of the nature and extent of the injuries. There has been final recovery for injuries to the *wife*. In this suit the husband seeks to recover consequential damages, resulting from the injuries to the wife; but in the notice nothing is said about them. It is argued that such injuries as are specified in the notice would, necessarily, require the attendance of nurses and physicians, and the time, care and attention of himself. While such requirements are probable in the natural course of things, and in accord with the custom and usages of society, yet they are not such a necessity as to be legally inferred without averment in pleading. Many poor people do not have the attendance in such cases of physicians and surgeons; and sometimes get along better without. The statute declares that " no action shall hereafter be had or maintained in any court in this State for injuries incurred, or *damages sustained*," unless written notice shall be given, and " such notice contain a description of the injuries received, or damage sustained by such person so claiming damage." The person *claiming damage* in this case is the husband, but he has not named, much less *described*, any damage he has sustained, except injury to the horse and carriage, and the court very properly confined him to the damage named and specfied in the notice.

Judgment affirmed.